IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADELINO MERCADO, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 23-2052-HLT-ADM |
| ) | |
| GREGORY KALESCKY, on behalf of ) | |
| Transport Funding, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se plaintiffs Adelino Mercado, Jr. and Elizabeth Garibay-Mercado's Motion to Change Venue. (ECF 14.) By way of the motion, plaintiffs ask the court to transfer the case to the Central District of California. Defendants Arrow Truck Sales, Inc. ("Arrow") and Transport Funding, LLC ("Transport") oppose the motion. For the reasons discussed below, the motion is denied.

**I.    BACKGROUND**

Plaintiffs are husband and wife, and are residents of Hesperia, California. In 2021, they purchased a used semi-truck from Arrow at a dealership in Fontana, California. (ECF 1-5.) Plaintiffs paid Arrow a $25,000 down payment and financed the remainder of the $63,101 purchase price with a loan from Transport. (ECF 1-4, 1-5, 12-1.) Plaintiffs applied for the loan by submitting a Transport Credit Application to the Arrow dealership. (ECF 1-2.) About a week later, plaintiffs and Arrow entered a Security Agreement for the purchase of the truck. Plaintiffs and Arrow signed the Security Agreement at the California dealership. (ECF 12-1.) Transport

states that it reviewed and executed the Security Agreement at its Overland Park, Kansas office.[1] (ECF 24-1, at 1.)  Transport is incorporated in Kansas and maintains its principal place of business in Overland Park.  (*Id*.)  Although Arrow maintains dealerships in California and across the United States, *see* https://www.arrowtruck.com/locations/, it is incorporated in Missouri and maintains its principal place of business in Kansas City, Missouri.  (*Id.* at 2.)  The Security Agreement includes a provision that Kansas law will govern any dispute brought thereunder.  (ECF 12-1 ¶ V.)

From February 2021 to October 2022, plaintiffs mailed monthly payments on the loan to Transport.  (ECF 1, at 3; ECF 1-4.)  When plaintiffs made no payments thereafter, Transport sent a demand letter to plaintiffs from Transport's Kansas office.  (ECF 1-14, at 6; ECF 24-1 ¶ 5.)  When plaintiffs still did not remit additional payment, Transport retained a law firm in Encino, California, to attempt to collect the approximately $26,000 allegedly remaining on the loan.  (ECF 1-14, at 18-19.)

Plaintiffs filed suit in this court in February 2023, alleging that defendants violated the Consumer Credit Act and that the "[d]own payment and Payment agreement" are "VOID FOR BREACH OF CONTRACT LAW."  (ECF 1-1, at 1-3; ECF 2.)  Plaintiffs contend that the Security Agreement is not an enforceable contract because, among other things, defendants did not fully disclose its terms and conditions.  (ECF 1-1, at 5-6.)  Plaintiffs seek a return of payments and release of any security interest defendants claim in the truck, among other things.  (*Id.* at 3.)  Transport filed a counterclaim for breach of the Security Agreement and unjust enrichment.  (ECF 12.)

---

[1] Transport did not sign the Security Agreement.  Rather, the Security Agreement provides that it "is to be sold and assigned only to Transport Funding, L.L.C."  (ECF 12-1 ¶ Q.)

Plaintiffs now ask the court to transfer the case to the Central District of California, broadly asserting that venue there will be more convenient for the parties and witnesses. (ECF 14.) Plaintiffs explain that they only recently learned that Arrow, not Transport, is the "primary defendant . . . which means we, the Plaintiffs and Defendants are in the wrong District Court." (*Id.* at 2.) Plaintiffs state that the Arrow dealership is near a Central District of California courthouse. (*Id.*)

## II.    LEGAL STANDARDS

Transfer of venue is governed by 28 U.S.C. § 1404. Section 1404(a) provides that a court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." "[V]enue is not limited to the district with the *most* substantial events or omissions," but may lie "in multiple judicial districts as long as a substantial part of the underlying events took place in those districts." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010) (emphasis in original) (citing 28 U.S.C. § 1391(a)(2)).

The decision to transfer venue lies in the sound discretion of the court, based on an "individualized, case-by-case consideration of convenience and fairness." *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). In considering whether to transfer, courts determine whether the case may have been brought in the proposed transferee district and whether the "competing equities" weigh in favor of transfer. *Hustler Magazine, Inc. v. U.S. Dist. Ct. for the Dist. of Wyo.,* 790 F.2d 69, 71 (10th Cir. 1986). The Tenth Circuit has directed district courts to weigh the following discretionary factors:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and

> obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Bartile Roofs, Inc.*, 618 F.3d at 1167 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991)).  The party seeking to transfer venue "bears the burden of establishing that the existing forum is inconvenient."  *Cricut, Inc. v. Enough for Everyone, Inc.*, No. 2:21-CV-601-TS-DAO, 2022 WL 798877, at *1 (D. Utah Mar. 16, 2022) (citing *Chrysler Credit Corp.,* 928 F.2d at 1515).

### III.   ANALYSIS

Plaintiffs' motion to transfer appears to be premised on a misunderstanding that this case cannot proceed in this district.  As noted above, plaintiffs stated the belief in their motion that the case is in the "wrong District Court" because Arrow is the "primary defendant" and not based in Kansas.  (ECF 14, at 2.)  Defendants responded that venue *is* proper in this court because a substantial part of the events giving rise to plaintiffs' claims and Transport's counterclaims occurred in Kansas.  (ECF 24, at 5-6.)  Defendants pointed out that Transport is incorporated and maintains its principal place of business in Kansas and that Arrow's principal place of business, though in Missouri, is less than ten miles from the courthouse.  (*Id.* at 2-3.)  In reply, plaintiffs acknowledge that they had been "under the impression that . . . [they were] unable to continue in the Kansas Court."  (ECF 26, at 1.)  They then walk back their request for transfer, stating that if defendants' response "is true," then they are "ok with continuing forward in your Honorable Court."  (*Id.*)  So, it appears plaintiffs may be withdrawing their request for transfer, at least to some degree.

4

To the extent that plaintiffs are still pursuing transfer to the Central District of California, their motion is denied. Plaintiffs have not presented any evidence or argument (other than conclusory statements that California is a more "convenient" venue for the parties and witnesses) demonstrating that the factors the court must weigh tilt in favor of transfer. One or more factors might support transfer, as the record reflects that there may be witnesses located in the Central District of California. But plaintiffs have not met their burden to demonstrate that their original choice of forum in this district has been overcome. "[W]hen the plaintiff has selected a forum at the start of litigation, and then seeks to change it to a different forum before trial, the plaintiff's choice is given little weight." *Stratton v. Thompson/Center Arms, Inc.*, No. 4:18-CV-00040-DN-PK, 2022 WL 1500770, at *2 (D. Utah May 12, 2022); *see also Weng v. Hana Japanese Steakhouse, Inc.*, No. 2:18-CV-183, 2020 WL 12894127, at *5 (E.D. Tenn. Dec. 21, 2020) ("As both forums have been chosen by Plaintiff, they essentially cancel each other out and render this factor neutral."). The record is not sufficiently developed to allow the court to evaluate the other factors and to persuade the court that litigating this case in the Central District of California would be more convenient and fair than litigating in the District of Kansas.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Change Venue (ECF 14) is denied.

Dated May 25, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge