UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADELINO MERCADO, JR. and )
ELIZABETH GARIBAY-MERCADO, )
 )
Plaintiffs, )
 )
v. ) Case No. 23-2052-HLT-ADM
 )
ARROW TRUCK SALES, INC. and )
TRANSPORT FUNDING, LLC, )
 )
Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiffs Adelino Mercado, Jr. and Elizabeth

Garibay-Mercado's (the "Mercados") Motion to Amend Complaint to Add Additional Defendants

(ECF 91) and Motion to Amend Complaint to Include Request for Punitive Damages (ECF 93).

By way of the motions, the Mercados seek leave to amend their complaint to add previously

dismissed defendants back into the case, to add defense counsel as new defendants, to add a

conspiracy claim, and to add a request for punitive damages against all defendants.  For the reasons

discussed below, the court finds that the Mercados' motions are untimely and that the belated

amendment would unfairly prejudice the current defendants in the case, Arrow Truck Sales Inc.

and Transport Funding, LLC (the "current defendants").  Accordingly, the Mercados' motions for

leave to amend their complaint are denied.  The court will reset pretrial-conference deadlines by

separate order.[1]

---

[1] The Mercados filed the motions after the court had convened the pretrial conference and
set dates for the parties to submit a revised draft pretrial order and for a reconvened pretrial
conference.  In light of the motions, the court vacated these pretrial-conference settings.  (ECF 92.)

## I.    BACKGROUND

This case arises out of a 2021 transaction in which the Mercados (who are married) purchased a semi-truck ("the truck") from defendant Arrow Truck Sales, Inc. ("Arrow"), which defendant Transport Funding, LLC ("Transport Funding") financed.  From February 2021 to October 2022, the Mercados mailed monthly payments on the loan to Transport Funding.  (ECF 1, at 3; ECF 1-4.)  When they stopped making payments, Transport Funding sent the Mercados a demand letter.  (ECF 1-14, at 6; ECF 24-1 ¶ 5.)  When the Mercados still had not paid by December 2022, Transport Funding retained a law firm to try to collect the approximately $26,000 allegedly remaining on the loan.  (ECF 1-14, at 18-19.)

On February 6, 2023, the Mercados filed their complaint in this lawsuit, naming as defendants Gregory Kalescky, as Chief Executive Officer of Transport Funding, and Jeffrey Oldham, as Chief Executive Officer of Arrow.  (ECF 1.)  The Mercados allege that the current defendants violated the Consumer Credit Act and that the "[d]own payment and Payment agreement" are "VOID FOR BREACH OF CONTRACT LAW."  (ECF 1-1, at 1-3; ECF 2.)  They claim that the current defendants' attempts to pursue collection of payment on the loan amounts to "contract fraud" and illegally "enriching themselves by collecting on the extension of credit by extortionate means."  (ECF 80-1, at 1.)  The Mercados seek to recover the amount of the payments they made on the truck and a release of any security interest the current defendants claim in the truck, among other things.  (ECF 1-1, at 3.)  On April 10, 2023, Transport Funding filed counterclaims for breach of the security agreement and unjust enrichment.  (ECF 12, at 6-9.)

The court conducted a scheduling conference on June 14, 2023.  During the conference, all parties agreed "that the proper defendants are Transport Funding, LLC, and Arrow Truck Sales, Inc., and that Gregory Kalescky and Jeffrey Oldham should be removed as defendants."  (ECF 35,

at 1 n.1.)  The court directed the Clerk of Court to update the case docket to reflect the change. (*Id.*)

The scheduling order required the parties to file any motions for leave to amend the pleadings or to add parties by July 20, 2023.  (*Id.* at 2.)  No party filed a motion to amend by that deadline.  Discovery proceeded over the course of ten months under the claims as pled, including written discovery and depositions.  Discovery closed on April 23, 2024, when the defendants served their supplemental discovery responses.  (ECF 83, at 15; ECF 86.)

On May 10, the parties submitted their proposed pretrial order to the court, as required by the scheduling order.  The court then spent a significant amount of time revising the draft pretrial order and noting areas that the parties needed to further develop.  The court convened a pretrial conference on June 13.  (ECF 90.)  After discussing the draft pretrial order with the parties, the court set a June 21 deadline for the parties to submit their further revisions and comments to the draft pretrial order, and a June 26 date to reconvene the pretrial conference.  (*Id.*)

On June 20, the Mercados filed the present motion for leave to file an amended complaint to add additional defendants.  (ECF 91.)  By way of the motion, the Mercados seek to re-add Kalescky and Oldham as defendants, as well as to add defense counsel (Justin Johl, Jessica McKinney, and Shook Hardy & Bacon, LLP law firm) as defendants.  The proposed amended complaint also asserts a new claim alleging defense counsel conspired with Kalescky and Oldham to violate 18 U.S.C. § 894.  (ECF 93-1, at 8.)  On June 25, the Mercados filed another motion for leave to file an amended complaint—this time, to also add a request for punitive damages.  (ECF 93.)  The proposed amended complaint appears to seek punitive damages from all defendants. (ECF 93-1, at 4.)  The current defendants oppose the proposed amendments.  They argue that the Mercados filed their motions after the scheduling-order deadline for motions to amend, so the

motions should be denied as untimely.  They also argue that allowing amendment at this late date would unduly prejudice them.  (ECF 95.)

## II.    ANALYSIS

The deadline for any motion to amend the complaint or to add parties was July 20, 2023. Where, as here, the scheduling-order deadline for such motions has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), **and** (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion.  *Id.*

### A.    The Mercados Have Not Shown Good Cause Under Rule 16(b)(4)

"Rule 16(b)(4) is arguably more stringent than Rule 15."  *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018).  It provides that a scheduling order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  To establish good cause, the moving party must show that it could not have met the motion-to-amend deadline despite "diligent efforts."  *Husky Ventures*, 911 F.3d at 1020.  Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."  *Gorsuch*, 771 F.3d at 1240.  If a moving party fails to demonstrate good cause, the court may deny the motion on this basis alone.  *See id.* at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming district court's denial of a motion to amend for lack of good cause).

The Mercados have not shown that they could not have met the July 20, 2023 amendment deadline despite their diligent efforts.  Rather, they simply state that they did not realize until reviewing the draft pretrial order that they should name individuals (Kalescky and Oldham) as

defendants "in order for the legal principles and statutes [they] invoked . . . to be applied effectively." (ECF 91, at 1.)  They do not suggest that any newly discovered facts led them to this legal conclusion, only that they reached it "[u]pon reflection" after all parties agreed more than a year earlier at the June 14, 2023 scheduling conference that Transport Funding and Arrow should be substituted as defendants for Kalescky and Oldham.  Moreover, the Mercados do not explain why they could not have performed research to reach this conclusion before the amendment deadline.

As to adding defense counsel as defendants in a new conspiracy claim, the Mercados state that counsel "conspired with the defendants to collect on the extension of credit" after counsel "became involved in the proceedings" and received the Mercados' "Federal Violation Warning document." (ECF 91, at 2.)  But the Mercados do not suggest a reason for their delay in seeking to assert their purported conspiracy claim against defense counsel.  The Federal Violation Warning document on which the Mercados rely was attached to the original complaint. (ECF 1-14, at 14-16.)  And defense counsel entered their appearance in the case on March 22, 2023. (ECF 6.)  There is no indication on the record why the Mercados could not have added these proposed defendants by the amendment deadline.

Finally, with respect to the Mercados' request to seek punitive damages, they contend that they did not become "aware of the requirement to file a request for punitive damages" until "working on the pretrial order" and their proposed amended complaint. (ECF 93, at 1.)  They state very generally that "revelations in the case during the discovery stage have exposed the depth of" the current defendants' alleged fraud and misrepresentation. (*Id*. at 2.)  But the Mercados do not explain exactly what information they learned in discovery, the date on which they learned it, or why that information could not have been learned earlier had they acted with diligence.  *See*

*Meadows v. Home Depot U.S.A., Inc*., No. 01-2005-JAR, 2002 WL 2010502, at *1 (D. Kan. July 28, 2002) (denying leave to amend as untimely where "Plaintiff does not explain exactly what information it was that she learned through discovery, at what point in the 'discovery process' that information was learned, or why that information could not have been gained earlier had she acted with diligence"). The Mercados' conclusory statement simply does not satisfy the good-cause standard.

In sum, there is nothing in the record from which the court could find that the Mercados could not have met the July 20, 2023 motion-to-amend deadline despite diligent efforts. Even though the Mercados are proceeding pro se, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted). So proceeding pro se is not an excuse. The Mercados waited until after discovery had closed and the pretrial-conference process was significantly underway to seek leave to amend. This does not demonstrate diligence. The court therefore denies the Mercados' motions to amend as untimely because they have not demonstrated good cause under Rule 16 for the belated amendment.

## B.   The Mercados' Undue Delay in Seeking to Amend is Unduly Prejudicial to the Current Defendants

The court also denies the Mercados' motions under Rule 15(a). When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Under Rule 15(a), a court may only withhold leave to amend for reasons

such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v.*

*Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting

*Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The current defendants argue the Mercados' motions should be denied based on undue

delay and as unduly prejudicial under Rule 15(a).  The court addresses each of these arguments,

in turn.[2]

### 1.      Undue Delay

First, the current defendants argue the court should deny the Mercados' motions based on

undue delay.  While "[l]ateness does not of itself justify the denial of the amendment," a party that

"delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the

court denying permission because of the passage of time." *Minter v. Prime Equip. Co.*, 451 F.3d

1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th

Cir. 1975); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1488 (2d ed.

1990)).  "[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a

sufficient reason for the court to withhold permission to amend." *Id.* (quotation omitted).  In

evaluating what constitutes undue delay sufficient to deny a motion to amend, the district court

must focus "primarily on the reasons for the delay." *Id.* at 1206.  Denial is appropriate where the

party seeking amendment "has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d

---

[2] The current defendants further argue that the proposed amendments would be futile
because the proposed new claims could not survive a motion to dismiss.  Though this argument
appears to have some merit, the court need not reach it.

1357, 1365-66 (10th Cir. 1993); *see also Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (noting that courts have "denied leave to amend in situations where the moving party cannot demonstrate excusable neglect," including "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend").

For essentially the same reasons stated above with respect to the Mercados' lack of diligence in moving the court for leave to amend their complaint, the court also denies the Mercados' motions under Rule 15(a) based on undue delay. It appears from the record that the Mercados have been aware of the facts giving rise to their proposed conspiracy and punitive damages claims for months. Even if the court uses March 22—the day on which the Mercados state that they last received discovery from defendants—as the date on which they learned information relevant to their proposed new claims, the Mercados did not file their first motion for leave to amend until June 20. The Mercados have not offered an adequate explanation to excuse their three-month delay in seeking leave to amend. Rather, they state only that "reviewing and understanding the content [of the March 22 documents] took time." (ECF 103, at 4.) This generalized statement does not explain the protracted delay, particularly given the advanced stage of the litigation. *See Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) ("Given the untimely filing of the motion and the lack of new information justifying the delay in adding a new claim, we find that the district court acted within its discretion in denying Woolsey's motion to amend").

### 2.    Undue Prejudice

The most important factor in considering a motion to amend under Rule 15(a) is "whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the [opposing parties] 'in terms

of preparing their defense to the amendment.'" *Id*. at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).  "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the [original pleading] and raise significant new factual issues." *Id*.

The current defendants argue that allowing amendment at this late juncture would unduly prejudice them in obtaining timely resolution of the Mercados' claims.  The parties here already had approximately ten months to conduct discovery, which included multiple extensions.  Yet the Mercados waited until after discovery closed to first raise the prospect of adding the conspiracy claim, new defendants, and the punitive-damages request—all without providing any adequate explanation for the delay.  The current defendants had no opportunity to fully explore their defenses and conduct targeted discovery on these matters.  Discovery closed on April 23, which was about two months before the Mercados filed their motions for leave to amend.  The court and parties had already worked through one draft of the pretrial order and participated in a pretrial conference by the time of the filing.  In these circumstances, the court finds that allowing the amendment would cause undue prejudice to the current defendants.  If the court were to permit the filing of the proposed amended complaint, it would unduly delay this action by service of additional defendants, additional discovery, and further delay of the trial setting.  Thus, granting the Mercados leave to amend their compliant at such a late point in the case would cause the current defendants undue prejudice.  *See Wilson v. Wal-Mart Stores, Inc.,* No. 07-2263-JWL, 2008 WL 2622895, at \*4 (D. Kan. June 30, 2008) ("This court agrees with the magistrate judge that 'to grant [P]laintiff leave to amend her complaint at such a late point in the case would cause defendant undue prejudice and would likely result in a delay of the trial.'");  *Lynn v. Simpson*, No. 97-3209-JWL, 1999 WL 33177298 (D. Kan. Nov. 22, 1999) (denying plaintiff's motion to amend to add

additional defendants and new claims because the amendment would unduly delay the original action).  The court denies the Mercados' motions on this basis as well.

## III.    CONCLUSION

The Mercados' motions to amend are untimely under the scheduling order, and they have not shown good cause for an extension of the deadline to accommodate the filing of those motions. The Mercados also unduly delayed in moving to amend, and the current defendants would be unduly prejudiced by the proposed amendment.  For these reasons, the court denies the Mercados' motions to amend.  It is time to proceed with finalizing the pretrial order so that the parties may seek relief via the dispositive motions they have stated an intent to file.  The court will reset the pretrial-conference deadlines in a separate text order.

**IT IS THEREFORE ORDERED** that the Mercados' Motion to Amend Complaint to Add Additional Defendants (ECF 91) and Motion to Amend Complaint to Include Request for Punitive Damages (ECF 93) are denied.

Dated August 19, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge